COMPLAINT EXHIBIT 8

This ACKNOWLEDGEMENT reflects the information received from the California Department Of State.

Case 1:24-cv-01226-KES-SAB   Document 1-8   Filed 10/09/24   Page 2 of 9

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Corporation Service Company    1-800-858-5294

**B. E-MAIL CONTACT AT FILER (optional)**
SPRFiling@cscinfo.com

**C. SEND ACKNOWLEDGMENT TO:** (Name and Address)

103186936 - 389720
Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703

Filed In: California (S.O.S.)

Initial Filing #: 157478025968
Initial Book #:
Initial Page #:
Initial Filing Date: 7/31/2015

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | FNF FARMS, LLC | | | |
|---|---|---|---|---|
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX | |
| 1c. MAILING ADDRESS 1306 West Herndon, Suite 101 | CITY Fresno | STATE CA | POSTAL CODE 93711 | COUNTRY USA |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX | |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | METROPOLITAN LIFE INSURANCE COMPANY | | | |
|---|---|---|---|---|
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX | |
| 3c. MAILING ADDRESS 10801 Mastin Boulevard, Suite 930 | CITY Overland Park | STATE KS | POSTAL CODE 66210 | COUNTRY USA |

**4. COLLATERAL:** This financing statement covers the following collateral:

**5.** Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

**6a.** Check only if applicable and check only one box:
☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility

**6b.** Check only if applicable and check only one box:
☐ Agricultural Lien  ☐ Non-UCC Filing

**7. ALTERNATIVE DESIGNATION** (if applicable): ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA:** Loan No. 196960

103186936

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)
This document was auto-generated from data received from the California Department of State

Corporation Service Company
2711 Centerville Rd, Ste. 400
Wilmington, DE 19808

## SCHEDULE I

Financing Statement (continued)

Name of Debtors:             FNF FARMS, LLC, a California limited liability company

Name of Secured Party:       METROPOLITAN LIFE INSURANCE COMPANY, a
                             New York corporation

Item No. 4:

All of Debtor's right, title and interest, whether now held or hereafter acquired, in and to:

A.   All equipment, machinery, fixtures, goods, accounts, general intangibles, documents, instruments and chattel paper, and all other personal property of every kind and description whether now existing or hereafter acquired, now or at any time hereafter attached to, erected upon, situated in or upon, forming a part of, appurtenant to, used or useful in the construction or operation of or in connection with or arising from the use or enjoyment of all or any portion of or from any lease or agreement pertaining to, the real property or interests therein located in the County of Fresno, State of California, as more particularly described in Exhibit A attached hereto and made a part hereof (the "Land") including without limitation:

B.   All buildings, structures and improvements of every nature whatsoever now or hereafter affixed, attached to or incorporated in the Land, including, without limitation, (i) all houses, barns, sheds, warehouses, pumphouses, bunkhouses, mobile homes, modular homes, hothouses and all other buildings, (ii) grain bins, silos, storage bins, metal sheds and buildings, water towers, utility and pipelines, and windmills, (iii) all towers, fences, gates and posts, (iv) all electric, water and gas lines, wiring, pipe and equipment together with meters, transformers, switch boxes, fuse panels, circuit breakers, timing devices, thermostats and control valves, (v) controlled atmosphere equipment, if any, and (vi) all additions, substitutions and replacements thereof now or hereafter owned by Debtor and located in, on or about, or used or intended to be used with or in connection with the use, operation or enjoyment of the Land, all of which are hereby declared and shall be deemed to be fixtures and accessions to the Land as between the parties hereto and all persons claiming by, through or under them, and which shall be deemed to be a portion of the security for the indebtedness herein described and to be secured by the Deed of Trust.

C.   All present and future income, rents, issues, profits and revenues of the Land and the Crops from time to time accruing (including, without limitation, all payments under leases or tenancies, unearned premiums on any insurance policy carried by Debtor for the benefit of Secured Party and/or the Land, tenant security deposits, escrow funds and all awards or payments, including interest thereon and the right to receive same, growing out of or as a result of any exercise of the right of eminent domain, including the taking of any part or all of the Land or payment for alteration of the grade of any road upon which said Land abuts, or any other injury to, taking of or decrease in the value of said Land to the extent of all amounts which may be owing on the indebtedness secured by the Deed of Trust at the date of receipt of any such

award or payment by Debtor, and the reasonable attorneys' fees, costs and disbursements incurred by Secured Party in connection with the collection of such award or payment), and all the estate, right, title, interest, property, possession, claim and demand whatsoever at law or in equity, of Debtor of, in and to the same; reserving only the right to Debtor to collect the same as long as no default or Event of Default as defined in Section 13 below shall have occurred.

       D.      All improvements, equipment and fixtures now owned or hereafter acquired by the Debtor that now or hereafter are located on, affixed or attached to, or incorporated in the Land or the improvements thereon, or used in connection therewith, wherever located, including (i) all wells, irrigation and drainage pumps, motors, pipes, sprinklers, drip line and emitters, filters, water measurement, meters and control structures and other irrigation equipment, including, without limitation, the specific items described in Exhibit B attached hereto and incorporated herein, (ii) appliances, pool equipment, and affixed furnishings, (iii) all trellises, fences, wind machines and other frost protection equipment, (iv) all trees, vines and other permanent plantings, and (v) all additions, substitutions for, or replacements of, the foregoing.

       E.      All rights of any Debtor or the Land to the use and enjoyment of water, whether surface or subsurface, whether riparian, appropriative, prescriptive or otherwise, and whether or not appurtenant, now or hereafter appurtenant or attributable to the Land, including: (a) all water allocations, water banking interests, carryover rights, supplemental water, water banking rights and interests, distribution rights, delivery rights, storage and exchange rights, drainage rights, and other water-related rights or entitlements, whether available through any public or private irrigation projects, companies, districts, agencies, water banks, private parties or otherwise, together with all shares of stock or general intangibles evidencing any such rights or entitlements, and all voting rights and other rights and privileges that now or hereafter may exist with respect to such stock or with respect to participation, membership, or other involvement in any such projects, companies, districts, or agencies; (b) all water and water inventory in storage and any interest in the related storage facility or bank; (c) all easements, permits, licenses, contracts, leases, grants, reservations and any other rights and entitlements, however created, to drill, install and maintain wells, pumps and pipeline systems, or to use, appropriate, pump, extract, receive, transport, store or transfer water including without limitation any such agreements or easements referenced in Exhibit A or Exhibit A-1; (d) all rights under well, pump and filter sharing agreements, and other contracts and licenses relating to the use of water on the Land including without limitation those more particularly described on Exhibit A-1; and (e) all rights under water service and delivery contracts now or hereafter relating to the Land as described on Exhibit A-1 attached hereto and incorporated herein and all replacements, amendments and extensions thereof. In addition, whether or not appurtenant or attributable to the Land, each Debtor's membership interests in Poso Creek Water Company, LLC, a California limited liability company, and all attendant rights and privileges including any Debtor's allocations of stored water derived through such membership interest, together with all rights, benefits and water available pursuant to the Agreement for Provision of Water dated March 1, 2011 between Westlands Water District and certain principals of Borrowers, as assigned and assumed.

       F.      All minerals or rights to minerals owned by Debtor, whether solid, liquid or gaseous (or a mixture), whether valuable or not, and whether or not known to exist under the Land, together with full rights of ingress and egress and use of the surface to the extent

reasonably necessary for the purpose of exploring, drilling, mining, developing, producing, storing, removing, treating and transporting said minerals.

G. All estates, tenements, hereditaments, privileges, easements, franchises, licenses, permits and other rights appurtenant to the Land, including: (a) all rights, permits, licenses, and other entitlements authorizing Debtor to use the Property as it presently is being used or as Debtor intends to use it, or both, (b) all rights of way used in connection therewith or as a means of access thereto, (c) the U.S. Department of Agriculture, Farm Services Agency crop base and any similar governmental entitlements from time to time allocated to the Land, (d) all rights to drain the Land and to dispose of irrigation water from the Land, together with all drainage easements and rights in drainage districts, (e) all rights in cooperative associations for milling, ginning, grinding, storage, and marketing of crops and produce from the Land.

H. All rights and/or interest arising under all contracts, leases, permits, licenses, plans or intangible property now or hereafter related to or affecting the Land.

I. All crops now or hereafter grown, growing or to be grown on the Land, including, without limitation, harvested crops, farm products, seed and propagative portions of plants (the "Crops").

J. All intellectual property rights now or hereafter held by Debtor with respect to trees or other permanent plantings now or hereafter growing on the Land, including, without limitation, all trademarks, patents or patent licenses.

K. All accessions, parts, or additions to and all replacements of and substitution for any of the property described in the preceding clauses.

L. All products of any of the property described on the preceding subparagraphs and all proceeds (including insurance proceeds) from the sale or other disposition of any of the property described in the preceding clauses; provided, that by accepting a security interest in proceeds Secured Party does not consent to sale or other disposition of any of the foregoing.

The filing of this financing statement shall not be construed to derogate from or impair the lien or provisions of that certain Deed of Trust, Security Agreement, Assignment of Rents and Leases and Fixture Filing of substantially even date herewith (the "Deed of Trust") from Debtor, as trustor, for the benefit of Secured Party, as beneficiary, encumbering the Land with respect to any property described therein which is Land.  The hereby stated intention of Debtor and Secured Party is that everything used in connection with the production of income from such Land or adapted for use thereon is, and at all times and for all purposes and in all proceedings, both legal and equitable, shall be regarded as, Land and part of the Land encumbered by the Deed of Trust, irrespective of whether or not the same is physically attached to the improvements thereon.  Similarly, nothing in this financing statement shall be construed to alter any of the rights of Secured Party as determined by the Deed of Trust or the priority of the Secured Party's lien created thereby.  This financing statement is declared to be for the protection of Secured Party in the event any court shall at any time hold that notice of Secured Party's priority of interest in any property or interests described in the Deed of Trust must, in order to be effective against a particular class of persons, including, but not limited to, the United States Government and any agencies thereof, be filed in the office wherein this financing statement is filed.

## EXHIBIT "A"

### DESCRIPTION OF LAND

Land in the unincorporated area of the County of Fresno, State of California, described as follows:

PARCEL 1: (APN: 038-200-04)
FNF FARMS LLC, A CALIFORNIA LIMITED LIABILITY COMPANY

THE EAST HALF OF SECTION 28, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, IN THE COUNTY OF FRESNO, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EXCEPTING THEREFROM AN UNDIVIDED ONE-HALF INTEREST IN AND TO ALL OIL, GAS AND OTHER HYDROCARBONS AND MINERALS THEREIN AND THEREUNDER TOGETHER WITH ALL EASEMENTS AND RIGHTS NECESSARY OR CONVENIENT FOR THE PRODUCTION, STORAGE AND TRANSPORTATION THEREOF AND THE EXPLORATION AND TESTING OF SAID REAL PROPERTY AND ALSO THE RIGHT TO DRILL FOR, PRODUCE AND USE WATER FROM SAID REAL PROPERTY IN CONNECTION WITH DRILLING OR MINING OPERATIONS THEREON, AS RESERVED BY JOHN J. ADAMS, ET UX, IN DEED RECORDED APRIL 11, 1963, AS DOCUMENT NO. 30302, OFFICIAL RECORDS.

ALSO EXCEPTING THEREFROM AN UNDIVIDED ONE-FOURTH INTEREST IN AND TO ALL OIL, GAS AND OTHER HYDROCARBONS AND MINERALS THEREIN AND THEREUNDER, AS RESERVED IN THE DEED DATED NOVEMBER 1, 1965, FROM ROLAND D. BRUBAKER, ET UX, TO W. J. DEAL, ET UX, RECORDED DECEMBER 27, 1965, AS DOCUMENT NO. 103372, OFFICIAL RECORDS.

PARCEL 2: (APN: 038-200-09)
FNF FARMS LLC, A CALIFORNIA LIMITED LIABILITY COMPANY

THE NORTHWEST QUARTER OF SECTION 28, TOWNSHIP 16 SOUTH, RANGE 14 EAST, MOUNT DIABLO BASE AND MERIDIAN, IN THE COUNTY OF FRESNO, STATE OF CALIFORNIA, ACCORDING TO THE OFFICIAL PLAT THEREOF.

EXCEPTING THEREFROM ALL THE COAL AND OTHER MINERALS IN THE LANDS SO ENTERED AND PATENTED, TOGETHER WITH THE RIGHT TO PROSPECT FOR, MINE AND REMOVE THE SAME PURSUANT TO THE PROVISIONS AND LIMITATIONS OF THE ACT OF DECEMBER 29, 1916 (39 STAT. 862), AS RESERVED IN THE PATENT FROM UNITED STATES OF AMERICA, TO FRANK ALDEN DUSTIN, DATED SEPTEMBER 11, 1922, AND RECORDED SEPTEMBER 22, 1922, IN BOOK 239 PAGE 164 OF OFFICIAL RECORDS.

PARCEL 3:  (Access Easement)

A non exclusive easement for ingress and egress over and across an existing roadway located across the easterly 20 feet of Section 21, Township 16 South, Range 14 East, Mount Diablo Base and Meridian, in the County of Fresno, State of California, according to the official plat thereof, upon the rights, terms and conditions contained in that certain "Access Agreement" dated July

23, 2015, by and among Waterford Farms, LLC, a California limited liability company and FNF Farms, LLC, a California limited liability company.

Portion APN 038-130-19s and 038-130-58s

# EXHIBIT A-1

## Certain Agreements Related to Water Rights

None.

**EXHIBIT B**

**Wells**

All wells (including domestic), pumps, motors, underground pipelines, water supply agreements, filter stations, drip, overhead and micro-sprinkler systems and equipment.