MICHAEL B. BROWN, Bar No. 179222
michael.brown@stoel.com
THOMAS A. WOODS, Bar No. 210050
thomas.woods@stoel.com
BENJAMIN J. CODOG, Bar No. 307034
ben.codog@stoel.com
MICHELLE J. ROSALES, Bar No. 343519
michelle.rosales@stoel.com
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Sacramento, CA  95814
Telephone:  916.447.0700
Facsimile:  916.447.4781

*Attorneys for Plaintiff*
METROPOLITAN LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>FNF FARMS, LLC, a California limited liability company; FARID ASSEMI, an individual; FARSHID ASSEMI, an individual; DARIUS ASSEMI, an individual; and DOES 1-100,<br><br>Defendants. | Case No. 1:24-CV-01226-KES-SAB<br><br>**DECLARATION OF THOMAS A. WOODS IN SUPPORT OF *EX PARTE* MOTION FOR ORDER APPOINTING RECEIVER AND FOR PRELIMINARY INJUNCTION**<br><br>Date:<br>Time:<br>Dept.:<br><br>Action Filed: October 9, 2024<br>Trial Date: Not Set |

I, Thomas A. Woods, declare as follows:

1. I am a partner at the law firm Stoel Rives LLP, counsel of record for Plaintiff Metropolitan Life Insurance Company ("MetLife") in the above-captioned matter. I am licensed to practice law in the state of California.

2. I have personal knowledge of the facts stated herein and would competently testify thereto if called as a witness. I submit this Declaration in support of Plaintiff's *Ex Parte* Motion for an Order Appointing a Receiver and for Preliminary Injunction (the "Motion").

3. Pursuant to Local Rule 232(a)-(b), the Court may appoint a receiver on shortened notice "upon on appropriate showing of necessity and immediacy of potential harm."

4. Pursuant to Local Rule 231(d), all motions for preliminary injunction shall be accompanied by (i) briefs on all relevant legal issues to be presented by the motion, (ii) affidavits in support of the motion, including affidavits on the question of irreparable injury, and (iii) a proposed order with a provision for a bond. *See* L.R. 230, 151.

5. Pursuant to Section 1.C.4 of this Court's Standing Order in Civil Cases, each *ex parte* application requires a declaration stating: "(1) the need for the issuance of such an order, (2) the inability of the filer to obtain a stipulation for the issuance of such an order from other counsel or parties in the action, and (3) why such request cannot be noticed on the court's motion calendar as provided by Local Rule 230.

**A RECEIVER AND PRELIMINARY INJUNCTION ARE IMMEDIATELY NECESSARY**

6. Plaintiff cannot seek relief though a formal noticed motion filed pursuant to Local Rule 230. The requested relief must issue *ex parte* to prevent immediate and irreparable injury to Plaintiff. As attested to in the Declarations of Jeremy Rasmussen and Phillip Christensen (the "Proposed MetLife Receiver") and submitted concurrently with the Motion, Defendants are seriously delinquent in payments on loans provided by Plaintiff. Defendants' remaining assets are insufficient to secure its obligations to Plaintiff, who now faces immediate risk that its collateral will be irreparably harmed by Defendants.

///

STOEL RIVES LLP
ATTORNEYS AT LAW
SACRAMENTO

DECLARATION OF WOODS ISO
EX PARTE MOTION FOR           -2-           CASE NO. 1:24-CV-01226-KES-SAB
RECEIVER

7. MetLife is informed and believes, based on discussions with employees at Agriglobe who recently conducted inspections of the Property and interviews with Borrowers' farm managers, that there has been deferred cultural maintenance of the biological assets on the Property and the following needs to occur or the biological assets on the Property will be damaged or destroyed: post-harvest irrigation; post-harvest fertility; post-harvest soil amendments; winter sanitation (removal of any crop remaining on the trees); dormant insecticide spray applications; vertebrate control; pruning; and general repairs and maintenance to the irrigation system and other infrastructure. (*See* Rasmussen Decl. ¶ 27; Christensen Decl. ¶ 6.)

8. As a result of the foregoing, there is manifest danger of loss, deterioration, and diminution of the Property, which, along with the revenue generated by its operations, is the primary source for repayment of the Loans, and Plaintiff, as an interested and secured party, is threatened with material losses and injuries for which it has no adequate remedy at law against Borrowers. (*See* Rasmussen Decl. ¶ 28.)

**PLAINTIFF'S EFFORTS TO MEET AND CONFER AND STIPULATE**

9. Plaintiff, through its counsel, has made a good faith concerted effort to meet and confer with Defendants to reach a stipulation that sufficiently mitigates the immediate risk of harm Plaintiff faces.

10. First, on October 18, 2024, an attorney for Plaintiff contacted Counsel for Defendants (Mr. David Hurst) and advised of Plaintiff's plan and intent to file its Application and Motion for a Receivership in this and related cases.

11. To date, Counsel for Defendants has not responded to Plaintiff's Counsels' inquiries or stated that Defendants will object to Plaintiff's Application and/or Motion.

12. And on October 21, 2024, the undersigned followed up via email with Counsel for Defendants in addition to Counsel for purported Interested Third Parties: The Prudential Life Insurance Company of America ("Prudential") and U.S. Bank National Association ("U.S. Bank"). Specific detail of Plaintiff's plan and intent to file this Motion for Receivership by today's date was provided. In addition, all Counsel were asked to stipulate to the relief requested. Indeed, it was

1  noted that Defendants and/or their related businesses – also in default as to Prudential and U.S. Bank – had stipulated and agreed to at least one effectively identical Receivership.

13. Counsel for Prudential stated a willingness to stipulate if particular details that interest Prudential could be agreed to. To date, the Plaintiff and Prudential are unable to come to agreement.

14. Counsel for U.S. Bank, however, has stated its intent to object to Plaintiff's ex parte application and Motion for Receivership unless Plaintiff will agree to substantial concessions favorable to U.S. Bank (i.e., stipulations and concessions above and beyond those articulated by Prudential). At present, it is not anticipated that agreement will be reached with U.S. Bank with respect to its objections. In part for that reason and regardless of any other objections, this Motion was filed given the urgency and end of financing that has been made available to Defendants by Prudential. Plaintiff's collateral now requires protection by Plaintiff.

**ORAL TESTIMONY AND ESTIMATED HEARING TIME**

15. Pursuant to Local Rule 231(d)(3), the parties shall inform the Court whether they desire to present oral testimony at the hearing and provide an estimate of the amount of time they anticipate will be required for the hearing.

16. Plaintiff believes the Declarations submitted concurrently herewith provide sufficient evidentiary basis for the Court to issue an order for MetLife's Receivership in this matter. Plaintiff would submit any additional testimony at hearing that the Court deems necessary, if any. Plaintiff estimates from previous, similar receivership motions involving Defendants that any hearing on this matter may approximate 1.5 to 2 hours.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed this 25th day of October, 2024, at Sacramento, California.

/s/ Thomas A. Woods
THOMAS A. WOODS

ATTORNEYS AT LAW
SACRAMENTO

DECLARATION OF WOODS ISO
EX PARTE MOTION FOR        -4-        CASE NO. 1:24-CV-01226-KES-SAB
RECEIVER